1

2

3

4

5                          UNITED STATES DISTRICT COURT
6                        WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
7

8   UNITED STATES OF AMERICA,

9                    Plaintiff,                     CASE NO. CR11-5428BHS

10          v.                                      ORDER

11  JAMES CARTER,

12                   Defendant.

13

14          This matter comes before the Court on Defendant James Carter's ("Carter")

15  motion to dismiss indictment for impermissible delegation (Dkt. 25).  The Court has

16  considered the pleadings filed in support of and in opposition to the motion, the oral

17  argument of the parties heard on November 7, 2011, and the remainder of the file and

18  hereby denies the motion for the reasons stated herein.

19                   **I. PROCEDURAL AND FACTUAL HISTORY**

20          On September 8, 2011, Carter was charged in a one-count indictment for failure to

21  register and update sex offender registration in violation of the Sex Offender Registration

22  and Notification Act, 18 U.S.C. § 2250(a) ("SORNA").  Dkt. 20.  On October 7, 2011,

1    Carter filed a motion to dismiss indictment for impermissible delegation related to

2    Congress's delegation of authority to the Attorney General under SORNA.  Dkt. 25.  On

3    October 17, 2011, the Government responded.  Dkt. 26.  On October 25, 2011, the Court

4    heard oral argument on the motion.  Dkt. 27.

5                                   **II. DISCUSSION**

6          Under SONRA, "[t]he Attorney General shall have the authority to specify the

7    applicability of the requirements of this subchapter to sex offenders convicted before the

8    enactment of this chapter or its implementation in a particular jurisdiction, and to

9    prescribe rules for the registration of any such sex offenders and for other categories of

10   sex offenders who are unable to comply with subsection (b) of this section."  42 U.S.C. §

11   16913(d).

12         In his motion, Carter argues that the indictment against him must be dismissed

13   because Congress impermissibly "delegated to the Attorney General, an appointed

14   official of the executive branch, the decision to determine whether SORNA should apply

15   to individuals who were convicted of sex offenses that pre-dated the enactment of the

16   statute," and therefore, the statute cannot constitutionally be applied to him.  *See* Dkt. 25.

17         The Court, in denying Carter's motion, adopts the reasoning of the Court of

18   Appeals for the Second Circuit in *United States v. Guzman*, 591 F.3d 83 (2nd Cir. 2010).

19   In *Guzman*, the court stated that "[a] delegation is 'constitutionally sufficient if Congress

20   clearly delineates the general policy, the public agency which is to apply it, and the

21   boundaries of this delegated authority.'"  *Id*. at 92-93 (quoting *Am. Power & Light Co. v.*

22   *SEC*, 329 U.S. 90, 105 (1946)).  In other words, Congress must provide the delegated

authority, in this case, the Attorney General, with the requisite "intelligible principle" to guide it. *Mistretta v. United States*, 488 U.S. 361, 372-73 (1989). The court in *Guzman* went on to conclude:

> The Attorney General's authority under SORNA is highly circumscribed. SORNA includes specific provisions delineating what crimes require registration, 42 U.S.C. § 16911; where, when, and how an offender must register, *id.* § 16913; what information is required of registrants, *id.* § 16914; and the elements and penalties for the federal crime of failure to register, 18 U.S.C. § 2250. *See United States v. Ambert*, 561 F.3d 1202, 1214 (11th Cir. 2009). If § 16913(d) gives the Attorney General the power to determine SORNA's "retroactivity," it does so only with respect to the limited class of individuals who were convicted of covered sex offenses prior to SORNA's enactment; the Attorney General cannot do much more than simply determine whether or not SORNA applies to those individuals and how they might comply as a logistical matter.

591 F.3d at 93 (footnote omitted). The Court agrees with the Second Circuit's opinion in *Guzman* and denies Carter's motion to dismiss indictment for impermissible delegation.

## III. ORDER

Therefore, it is hereby **ORDERED** that Carter's motion for impermissible delegation (Dkt. 25) is **DENIED**.

Dated this 10th day of November, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge